**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE EMPLOYMENT LAW GROUP, P.C.,**<br>    **Plaintiff,**<br><br>                 **v.**<br><br>**SAN DIEGO EMPLOYMENT LAW**<br>**GROUP,**<br>    **Defendant.** | **Civil Action No. 20-cv-1852 (JDB)** |

## <u>ORDER</u>

Before the Court is plaintiff The Employment Law Group's ("TELG") motion to reconsider this Court's order permitting Dennis Brady to proceed pro se on behalf of defendant San Diego Employment Law Group ("SDELG"). <u>See</u> Mem. in Supp. of Pl.'s Mot. for Recons. of Ct.'s Order Granting Dennis Brady's Mot. for Leave to Appear Pro Se [ECF No. 14-1] ("Pl.'s Mem."). On August 20, 2020, Mr. Brady asked this Court for leave to appear pro se on behalf of SDELG, representing that SDELG is a sole proprietorship of which he is the proprietor. Dennis Brady, Esq.'s Mot. for Leave to Represent on a Pro Se Basis Def. SDELG [ECF No. 10] ("Brady's Mot."). In partial reliance on Mr. Brady's assertion that plaintiff's counsel had not indicated opposition to this motion, <u>see</u> <u>id.</u> at 1–2, the Court granted Mr. Brady's motion six days later, <u>see</u> Min. Order (Aug. 26, 2020). Shortly thereafter, however, TELG filed the instant motion for reconsideration, stating that—contrary to Mr. Brady's suggestion—it had planned to oppose Mr. Brady's motion, Pl.'s Mem. at 3, and objecting to his going forward pro se. The Court ordered briefing, <u>see</u> Min. Order (Sept. 2, 2020), and the motion is now ripe for decision.[1] For the reasons

---

[1] The Court appreciates the parties' patience and apologizes for the delay in deciding this motion.

below, the Court will deny plaintiff's motion for reconsideration and reaffirm its prior Order permitting Mr. Brady to proceed pro se.

Courts possess "inherent power to reconsider an interlocutory order as justice requires." Levin v. Islamic Republic of Iran, Civ. A. No. 05-2494 (JEB), 2021 WL 1245232, at *5 (D.D.C. Mar. 4, 2021) (quoting Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011)); see also Fed. R. Civ. Pro. 54(b).  District courts retain broad discretion to reconsider earlier orders and may "elect to grant a motion for reconsideration if there are . . . good reasons for doing so."  Cobell v. Norton, 355 F. Supp. 2d 531, 540 (D.D.C. 2005).  Such reasons include the revelation of information that "might reasonably be expected to alter the conclusion reached by the court," id. at 539 (citation and emphasis omitted), or the court having "made a decision outside the adversarial issues presented . . . by the parties," United States v. All Assets Held at Bank Julius, 502 F. Supp. 3d 91, 95 (D.D.C. 2020) (quoting Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005)).

Even though the Court will ultimately deny plaintiff's motion, reconsideration of the Court's earlier decision is appropriate here.  The Court ruled on Mr. Brady's motion to proceed pro se before plaintiff filed its opposition, which the Court did not know to expect due to a misleading meet-and-confer statement in Mr. Brady's original motion.  When an issue is decided without the benefit of briefing by a party who wishes to be heard, reconsideration is both appropriate and just.  See Levin, 2021 WL 1245232, at *5 (finding that "justice require[d] the Court to consider the United States' arguments" when the writ in question had been issued "without prejudice to the Government's ability to later oppose it").

Both parties raise a variety of accusations and cross-accusations in their briefing on this motion, many of which are of questionable relevance to the issue at hand.[2]  From plaintiff's motion, however, the Court discerns two basic reasons for denying Mr. Brady leave to proceed pro se.  First, TELG questions "Mr. Brady's assertion that SDELG is a sole proprietorship law practice."  Pl.'s Mem. at 2.  Second, it argues that Mr. Brady is unlikely to obey the Court's rules and thus should not be allowed to appear in this litigation without being subject to the Court's full disciplinary authority.  The Court will take these two reasons in turn.

Whether SDELG is a sole proprietorship is a threshold question: as plaintiff correctly notes, the default rule is that corporate entities may only appear in federal court represented by counsel.  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." (footnote omitted)).  Even sole member limited liability companies are not exempt from the requirement to retain counsel.  E.g., Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007).

A sole proprietorship, however, "has no legal identity separate from the proprietor himself."  United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008); see also Sole Proprietorship, Black's Law Dictionary (11th ed. 2019) (defining the term as "[a] business in which one person . . . operates in his or her personal capacity").  As a consequence, many (though not all) federal courts have permitted the owner of a sole proprietorship to proceed pro se

---

[2] These include mutual accusations of unethical conduct, the claim that Mr. Brady is in violation of San Diego business licensing laws, and the charge that TELG is engaged in a years-long pattern of unauthorized legal practice in California.  Such accusations might be proper elsewhere—such as in a bar complaint, motion for sanctions, or municipal enforcement action—but not the present motion for leave to proceed pro se.

notwithstanding the general requirement that corporate entities must appear through counsel. Compare, e.g., Hagerman, 545 F.3d at 581 (permitting pro se appearance), and RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 & n.4 (4th Cir. 2007) (same), with Omega Consulting v. Farrington Mfg. Co., 604 F. Supp. 2d 684, 684–85 (S.D.N.Y. 2009) ("While some courts have allowed sole proprietorships to proceed pro se . . . this Court disagrees. If a party wishes to take advantage of the benefits of the corporate form, he or she must also assume its concomitant burdens.").  Most importantly, the D.C. Circuit has permitted a sole proprietor to proceed pro se in an appeal in that court.  See Offshore Air v. FAA, No. 02-1233, 2002 WL 31548621, at *1 (D.C. Cir. Nov. 13, 2002) (per curiam) ("Based on petitioner's representation that Offshore Air is a sole proprietorship, petitioner may proceed pro se.").  In sum, if SDELG is a sole proprietorship, then it is lawful for Mr. Brady to proceed pro se; if not, then federal law bars him from doing so.

Mr. Brady has submitted multiple declarations representing that SDELG is a sole proprietorship.  See Brady's Mot. at 2; Decl. of Dennis Brady in Opp'n to Pl.'s Mot. for Recons. [ECF No. 18-1] ("Brady Decl.") ¶ 2 ("I solely own and solely operate San Diego Employment Law Group . . . and am responsible for the taxes and liabilities of the business. . . .  For the 28 years of the firm's existence, all of my federal and state tax returns have identified my law firm as my sole proprietorship.").  Pursuant to the Court's request for additional evidence, see Min. Order (Sept. 2, 2020), he also provided a letter from his professional liability insurer addressing him as "Dennis Brady dba San Diego Employment Law Group," which seems to corroborate his claims. See Ex. 1, Def.'s Exs. in Opp'n to Pl.'s Mot. for Recons. [ECF No. 18-3] at 3.  TELG counters that "a sole proprietorship would be an unusual and inadvisable way to operate a three-office law firm," Pl.'s Mem. at 5, and points to a number of inconsistencies in the names and information of

4

Mr. Brady's firms, id. at 5–9.  Plaintiff also questions the persuasive force of Mr. Brady's proffered letter, which is now over two years old and concerns an expired insurance policy.  See Reply in Supp. of Pl.'s Mot. for Recons. [ECF No. 20] ("Pl.'s Reply") at 1.

Mr. Brady has the better of this dispute.   Although the Court agrees that a sole proprietorship is indeed an unorthodox structure for a multi-attorney law firm and that Mr. Brady's proffered letter is far from ironclad evidence on this question, plaintiff's suggestions (which they largely abandon in their reply brief, see id. at 1–2) are not enough for the Court to find that Mr. Brady is lying about SDELG's corporate form.  It is regrettable that Mr. Brady could not set this matter fully to rest by providing more persuasive documentation of SDELG's status, but absent hard evidence to the contrary, the Court will credit Mr. Brady's assertions and treat SDELG as a sole proprietorship.  Cf. United States v. Natalie Jewelry, No. 14-CR-60094, 2015 WL 150841, at *6 (S.D. Fla. Jan. 13, 2015) (finding that, in the absence of contradictory evidence, a party's declaration that he was a sole proprietor was "sufficient to plausibly suggest that [plaintiff entity] is a sole proprietorship" at the pleading stage), adopted by District Court, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015).[3]

Plaintiff's second argument is essentially that Mr. Brady cannot be trusted to follow the Court's rules and thus should not be permitted to appear in this litigation without being subject to "the disciplinary control of this Court."  Pl.'s Mem. at 13; see generally id. at 9–13.  But plaintiff points to no authority for the suggestion that Mr. Brady would not be subject to the Court's authority as a pro se litigant.  Courts possess inherent power to control proceedings before them,

---

[3] The parties agree that, if SDELG is a sole proprietorship, then the proper party in interest in this action is Dennis Brady d/b/a San Diego Employment Law Group. See Pl.'s Reply at 2 n.1; Brady's Mot. at 1.  As the Court credits Mr. Brady's statements that SDELG is indeed a sole proprietorship, the Court will also order that Dennis Brady d/b/a San Diego Employment Law Group be substituted as the defendant in this action.  Cf. Fed. R. Civ. P. 17.

including but not limited to the power of contempt, which may be exercised against lawyers and litigants alike. *E.g.*, <u>SEC v. Bilzerian</u>, 613 F. Supp. 2d 66, 70 (D.D.C. 2009) ("The power to punish parties for contempt is inherent in all courts, and its existence is essential to its ability to enforce judgments and orders." (citation omitted)); <u>Parsi v. Daioleslam</u>, 778 F.3d 116, 130 (D.C. Cir. 2015). Furthermore, the Rules of Disciplinary Enforcement in this District apply "to all attorneys who appear before this Court or who participate in proceedings, <u>whether admitted or not</u>." Local Civ. R. 83.12(b) (emphasis added). As such, Mr. Brady, a licensed attorney admitted to practice in California, <u>see</u> Brady's Mot. at 2–3; Brady Decl. ¶ 9, "shall be subject to the disciplinary jurisdiction of this Court for any alleged misconduct arising in connection with" this proceeding. Local Civ. R. 83.12(b).

In addition, pro se litigants, just like attorneys, are subject to the requirements (and concomitant sanctions) of Federal Rule of Civil Procedure 11. <u>See</u> Fed. R. Civ. P. 11(c) ("If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, <u>or party</u> that violated the rule or is responsible for the violation." (emphasis added)). And this is all in addition to Mr. Brady's ongoing obligation to conform his conduct to the ethical obligations of both the California and District of Columbia Rules of Professional Conduct,[4] which apply in all his dealings and not solely to matters in which he is a retained attorney. <u>See, e.g.</u>, D.C. R. Pro. Conduct 3.3 (outlining the duty of candor to the tribunal owed by any "lawyer," not just a lawyer representing a client); D.C. R. Pro. Conduct 8.4(d) ("It is professional misconduct for <u>a lawyer</u> to . . . engage in conduct that seriously interferes with the

---

[4] Both California and D.C. provide that an attorney is subject to the disciplinary authority of the state where he is admitted to practice (in Mr. Brady's case, California) <u>and</u>, "for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits." Cal. R. Pro. Conduct 8.5(b)(1); <u>accord</u> D.C. R. Pro. Conduct 8.5(b)(1) (stating a nearly identical rule).

administration of justice." (emphasis added)).   Violations of the District of Columbia Rules of Professional Conduct also constitute grounds for discipline by this Court, "whether or not the act or omissions occurred in the course of an attorney-client relationship."   Local Civ. R. 83.15(a). The Court thus concludes that, even proceeding pro se, this Court has ample disciplinary authority over Mr. Brady.

That said, the Court is indeed concerned by some of Mr. Brady's behavior thus far.   First and foremost, Mr. Brady made a misleading representation to the Court regarding his interactions with opposing counsel during the meet-and-confer process for his original motion to proceed pro se.   Mr. Brady told the Court that he had "telephoned [opposing counsel Christopher Smith] to invite him to meet and confer about this motion telephonically" and that he left a voicemail message "invit[ing] Mr. Smith to phone back with any comments or questions."   Brady's Mot. at 1–2.   Mr. Brady went on to state that Smith "has not done so."   Id. at 2.   As Mr. Brady now admits, however, that is not the whole truth. Plaintiff's counsel did respond to Mr. Brady's two voicemail messages, sending three emails about Mr. Brady's motion, none of which received a reply.   Pl.'s Mem. at 2–3; Brady's Mem. of P. & A. in Opp'n to Pl.'s Mot. for Recons. ("Brady's Opp'n") [ECF No. 18] at 2.

Mr. Brady nonetheless defends his summary of this interaction by explaining that his new legal assistant did not print out opposing counsel's messages and so he did not see them.   Brady's Opp'n. at 2.   But, he adds, "that does not excuse [plaintiff's counsel] for not calling back."   Id.   The fact that Mr. Brady stands by his misleading meet-and-confer statement even in the face of plaintiff's uncontradicted version of events belies his claim of honest mistake.   And even accepting Mr. Brady's explanation as true, Mr. Smith's decision to respond to a voicemail message with an email was plainly appropriate, and it is ultimately the responsibility of Mr. Brady, not his legal

assistant, to ensure that he sees and responds to litigation correspondence.  Though Mr. Brady's misrepresentation in his original motion may not have been intentional, neither that series of events nor his proffered explanation augurs well for his future conduct as a pro se litigant.

Plaintiff also charges that Mr. Brady has violated ethical rules by repeatedly accusing TELG of unauthorized practice of law in California and by threatening to bring a bar complaint and/or lawsuit against TELG.  See Pl.'s Mem. at 11; see also Decl. of Christopher G. Smith in Supp. of Pl.'s Mot. for Recons. ("Smith Decl.") Ex. 14 [ECF No. 14-4] at 12–14; Smith Decl. Ex. 18 [ECF No. 14-4] at 32.[5]  The Court offers no opinion on whether either party has violated any ethical rules, especially since Mr. Brady's charge that TELG has engaged in the unauthorized practice of law appears somewhat related, if imperfectly, to the merits of the present lawsuit.  See Brady's Opp'n at 5 ("If Plaintiff cannot legally practice law in the San Diego Area, then Plaintiffs trademark action fails because Plaintiff and Defendant will then not be competitors.").  But the evidence undermines Mr. Brady's contention that he simply "conveyed [this argument] to Plaintiff's legal counsel in [a] June 15, 2020 letter."  Id.  Rather than outlining a legal counterargument, Mr. Brady outright accused TELG of unauthorized practice of law and false advertising before announcing his intention to file a counterclaim and potentially a class action lawsuit related to these allegations.  See Smith Decl. Ex. 14 at 12–14.  In a later communication, Mr. Brady similarly warned that opposing his motion to proceed pro se "will backfire when I tell a court in this case about your client's activities in San Diego," presumably referring to TELG's allegedly unlawful legal work.  Smith Decl. Ex. 18 at 32.  Without commenting on the substance of these allegations or whether Mr. Brady's conduct violated any ethical rules, his threats of

---

[5] When citing page numbers in ECF No. 14-4, the Court will use the numbers assigned by the CM/ECF system.

collateral litigation and his belligerent tone do indeed fall short of the professionalism and courtesy the Court expects from lawyers who appear before it, retained or otherwise.

Finally, Mr. Brady's merry-go-round of email addresses is also troubling. See Pl.'s Mem. at 9 n.3 (describing Mr. Brady's inconsistent use of three different email addresses to correspond about this litigation); see also Smith Decl. Ex. 17 [ECF No. 14-4] at 30 (email from Mr. Brady instructing opposing counsel to only use a certain email address for litigation communications, even though that very message came from a different email address). Pro se litigants are required to provide the Court with their mailing address and telephone number in their first filing, and they are under an ongoing obligation to update changes in that information. See Local Civ. R. 5.1(c). And, as Mr. Brady surely knows, email is an essential aspect of modern legal practice—indeed, the Local Rules of this District impose an affirmative obligation on all litigants with access to CM/ECF, including pro se parties, to "monitor[] their e-mail accounts" so as not to miss filings or notices. Local Civ. R. 5.4(b)(6). Moreover, this District's mandatory meet-and-confer procedure for non-dispositive motions presupposes that counsel and pro se parties will be available for communication with opposing counsel. See Local Civ. R. 7(m). The upshot is that pro se litigants, just like attorneys, have an obligation to ensure that they are reachable and to keep the Court and other litigants apprised of any relevant changes in their contact information. At the very least, litigants may not force their opponents to play email whack-a-mole in order to carry on the day-to-day business of adversarial litigation.[6]

---

[6] In addition to reaffirming Mr. Brady's permission to proceed pro se, the Court will also grant his Motion for a CM/ECF Username and Password [ECF No. 17]. The Court hopes that this will preempt any further confusion regarding proper avenues of communication. To that end, the email address Mr. Brady provides for use with CM/ECF will be deemed the address to which all correspondence related to this lawsuit, whether from the Court or from opposing counsel, should be directed. Mr. Brady should choose an email address accordingly and work with the Clerk of Court to obtain access to CM/ECF using that address.

Nonetheless, the present motion is not the proper vehicle for addressing these concerns. Plaintiff points repeatedly to the Second Circuit's dictum that "pro se representation generally 'creates unusual burdens . . . for his adversaries and the court,'" Pl.'s Mem. at 10 (quoting Lattanzio, 481 F.3d at 139); accord id. at 13; Pl.'s Reply at 2, and TELG argues that Mr. Brady's conduct has been, to put it mildly, burdensome.  Yet what the Second Circuit actually said is that "the conduct of litigation by a nonlawyer" creates those "unusual burdens."  Lattanzio, 481 F.3d at 139 (emphasis added).  To the extent that Mr. Brady has "burdened" this litigation, then, it is not because of his pro se status.  Plaintiff's argument boils down to the fact that it would prefer to litigate against retained counsel rather than Mr. Brady, and, while plaintiff is correct that permission to proceed pro se is discretionary, the Court is reluctant to withhold its leave simply because plaintiff finds Mr. Brady a frustrating opponent.

This decision should not be taken as approval of Mr. Brady's behavior: the Court can and will hold him, as it will plaintiff, to the applicable standards of conduct.  Moreover, as a licensed attorney, Mr. Brady neither has nor will receive "the same level of solicitude often afforded non-attorney litigants proceeding without legal representation.'"  Lovitky v. Trump, 308 F. Supp. 3d 250, 254 (D.D.C. 2018) (quoting Lempert v. Power, 45 F. Supp. 3d 79, 81 n.2 (D.D.C. 2014)).  Mr. Brady is also on renewed notice that unprofessional communications—and especially misleading statements to the Court—will not be tolerated, and he is urged to follow both the letter and spirit of this Court's rules requiring easy, transparent, and prompt communication.  It is the Court's hope that, going forward, both parties will proceed amicably, professionally, and with redoubled attention to all relevant rules and ethical duties.  With that in mind, and for the foregoing reasons, it is hereby

**ORDERED** that [14] plaintiff's Motion for Reconsideration is **DENIED**; it is further

10

**ORDERED** that Mr. Brady has permission to proceed pro se; it is further

**ORDERED** that [17] Mr. Brady's Motion for a CM/ECF Username & Password is **GRANTED**; it is further

**ORDERED** that "Dennis Brady d/b/a San Diego Employment Law Group" shall be substituted as the defendant in this action in place of "San Diego Employment Law Group;" and it is further

**ORDERED** that defendant shall answer or otherwise respond to plaintiff's complaint by not later than September 23, 2021.

**SO ORDERED.**

_____ /s/

JOHN D. BATES
United States District Judge

Dated: <u>September 2, 2021</u>

11